```
 1              BEFORE THE UNITED STATES JUDICIAL PANEL
                    ON MULTIDISTRICT LITIGATION
 2

 3    In re KERYDIN (TAVABOROLE)    .    MDL Number 2884
      TOPICAL SOLUTION 5 PERCENT    .    Washington, D.C.
 4    PATENT LITIGATION.            .    March 28, 2019
      - - - - - - - - - - - - - -        9:40 a.m.
 5

 6                    TRANSCRIPT OF ORAL ARGUMENT

 7    BEFORE:    HONORABLE SARAH S. VANCE, CHAIR
                 United States District Court
 8               Eastern District of Louisiana

 9               HONORABLE LEWIS A. KAPLAN
                 United States District Court
10               Southern District of New York

11               HONORABLE R. DAVID PROCTOR
                 United States District Court
12               Northern District of Alabama

13               HONORABLE CATHERINE D. PERRY
                 United States District Court
14               Eastern District of Missouri

15               HONORABLE KAREN K. CALDWELL
                 United States District Court
16               Eastern District of Kentucky

17               HONORABLE NATHANIEL M. GORTON
                 United States District Court
18               District of Massachusetts

19

20

21    Official Court Reporter:     SARA A. WICK, RPR, CRR
                                   U.S. Courthouse, Room 4704-B
22                                 333 Constitution Avenue Northwest
                                   Washington, D.C. 20001
23                                 202-354-3284

24
      Proceedings recorded by stenotype shorthand.
25    Transcript produced by computer-aided transcription.
```

Case MDL No. 2884   Document 51   Filed 04/12/19   Page 2 of 11

2

```
 1    APPEARANCES:

 2    For Anacor Pharmaceuticals,
      Inc.:                              DAVID M. HORNIAK, ESQ.
 3                                       Williams & Connolly LLP

 4    For Mylan Pharmaceuticals
      Inc. and Mylan Inc.:               TUNG-ON KONG, ESQ.
 5                                       Wilson Sonsini Goodrich & Rosati

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2            JUDGE VANCE:  Next case, Number 2884, in re Kerydin
 3   Topical Solution 5 Percent Patent Litigation.
 4        First up is Mr. Horniak.
 5            MR. HORNIAK:  Thank you, members of the panel.  My
 6   name is David Horniak.  I'm an attorney from Williams &
 7   Connolly, here on behalf of the movant, Anacor Pharmaceuticals.
 8        We submit this is a model case for centralization under the
 9   MDL statute.  These are all Hatch-Waxman actions that involve
10   the same four patents in suit and copies of the same branded
11   drug product.
12            JUDGE VANCE:  With only two districts?
13            MR. HORNIAK:  That's true, Your Honor.
14            JUDGE VANCE:  So why, with only two districts, even
15   with patent cases, do we need to form an MDL?
16            MR. HORNIAK:  Sure.  A couple of reasons, Your Honor.
17   First, there are other benefits to an MDL beyond just
18   coordinating discovery.  For example, the risk of inconsistent
19   rulings on claim construction would be eliminated if all of
20   these cases were before one judge.  It would also avoid forcing
21   two different judges in two different districts to learn the
22   same facts about the patents.
23        In addition --
24            JUDGE VANCE:  No, go ahead.
25            MR. HORNIAK:  In addition, I think the difficulties of
```

1  coordinating discovery across the districts are very real here,
2  Your Honor.  There are 22 defendants across these cases.  Most
3  of them are already in Delaware and have --
4              JUDGE VANCE:  The only ones not in Delaware are two
5  defendants, right, who are in West Virginia?
6              MR. HORNIAK:  That's correct.
7              JUDGE VANCE:  And in West Virginia, there's a motion
8  to stay pending inter partes review; is that right?
9              MR. HORNIAK:  That's correct, Your Honor.
10             JUDGE VANCE:  And you support that, and they support
11 that?
12             MR. HORNIAK:  The parties disagree on the terms.
13             JUDGE VANCE:  You want to stay it through appeal, but
14 they want to just stay it -- or they want to stay it through
15 appeal -- one of you wants to stay it through appeal.
16             MR. HORNIAK:  That's correct.
17             JUDGE VANCE:  But you both want a stay.  My point is,
18 if that judge grants the stay, then you've only got one case,
19 because the Delaware court hasn't granted a stay; right?
20             MR. HORNIAK:  That is correct, Your Honor.  The
21 Delaware court actually denied all of the stay motions.
22             JUDGE VANCE:  I understand that.  So my question is,
23 do you have any idea when or how the West Virginia court's going
24 to rule on that stay motion?
25             MR. HORNIAK:  That's a great question.  The West

1    Virginia court has set a scheduling conference for less than two
2    weeks from today and has actually denied a motion to continue
3    that scheduling conference until it rules on the stay motion.
4    So I imagine we will discuss that at the scheduling conference,
5    but all indications are that the West Virginia case is going
6    forward, as well as the Delaware cases.
7                JUDGE VANCE:  Okay.
8                MR. HORNIAK:  Your Honor, in addition, one other thing
9    I would like to update the panel on is that the Delaware case
10   against Mylan has now been dismissed.
11               JUDGE VANCE:  We knew that.
12               MR. HORNIAK:  Okay.  So there's only one case against
13   Mylan that we are seeking to centralize here.
14               JUDGE VANCE:  What is your argument in response to the
15   argument that you are trying to end run the patent venue
16   statute?
17               MR. HORNIAK:  Sure.  So we are not seeking by this
18   motion to direct where the trial will take place.  This is just
19   about adjudication of pretrial discovery and other matters like
20   claim construction.  And this panel has repeatedly held that
21   when it comes to consolidating cases for MDL purposes for
22   pretrial matters, that statutory venue just is not a
23   consideration.
24               JUDGE VANCE:  All right.  Thank you, sir.
25            Please tell me how to pronounce your name.

1    MR. KONG:  T.O. Kong.  I go by my initials, T.O.  Good
2 morning.
3    JUDGE VANCE:  Thank you.  Proceed.
4    MR. KONG:  So to supplement the update provided by
5 counsel, in West Virginia we now have a discovery plan that has
6 been submitted by the parties and a Rule 16 conference that will
7 occur in less than two weeks.  In Delaware, there is no
8 discovery plan that has been submitted or even discussed, to my
9 knowledge, and no Rule 16 conference has been scheduled.
10     And that is an important consideration for the panel, we
11 believe, because the underlying nature of this case is that my
12 client, the net effect of this case is that we want to reduce
13 the cost of a prescription medicine.  That is our goal.  We want
14 to do that as quickly as we can.
15    JUDGE PROCTOR:  How about reducing the cost of
16 litigation?  How about reducing the cost of pretrial litigation?
17 Any interest in that?
18    MR. KONG:  Your Honor, I take your question to mean
19 that having one case in West Virginia versus one case in
20 Delaware will be inherently more expensive.
21    JUDGE PROCTOR:  Proceeding on parallel tracks with
22 everybody doing the same thing over and again.
23    MR. KONG:  Well, it's not everyone doing the same
24 thing over and again.  It's parties informally coordinating to
25 make sure that there is a lack of duplicity.  Discovery will be

```
 1    coordinated.  Everything will be coordinated --
 2              JUDGE KAPLAN:  I think you meant to say "duplication."
 3              JUDGE VANCE:  What about claim construction?
 4              MR. KONG:  So typically what happens in a circumstance
 5    like this where you have the same patents in competing venues,
 6    if the judges are aware of that and it's coordinated, one judge
 7    goes first.  The other judge has knowledge of that judge's order
 8    when they consider Markman on their own.
 9              JUDGE KAPLAN:  But judges sometimes disagree on things
10    like this.
11              MR. KONG:  I apologize, Your Honor.
12              JUDGE KAPLAN:  Judges can disagree on things like
13    this; right?
14              MR. KONG:  We can disagree --
15              JUDGE KAPLAN:  Judges can disagree on things like
16    claim construction or the law or facts even?
17              MR. KONG:  As can appellate courts, you are absolutely
18    right, Your Honor.
19              JUDGE VANCE:  I'm trying to figure out how you are
20    harmed by centralization.  Delaware is not exactly a hard
21    district to litigate in, and I find it hard to believe it would
22    be really inconvenient for you to litigate in Delaware as
23    opposed to West Virginia.
24              MR. KONG:  We are not arguing inconvenience.  It is
25    true that our witnesses are based in West Virginia.  However, we
```

1   are not going to argue inconvenience here.  What we are arguing
2   primarily is the just and efficient conduct of this proceeding.
3        And to my point, our goal is to get a prescription generic
4   drug on the market as soon as we can so that we can lower the
5   cost of healthcare.
6             JUDGE KAPLAN:  I'm missing how it is just and
7   convenient or just and inexpensive to have two cases involving
8   exactly the same patent issues going on simultaneously before
9   two different judges a couple of hundred miles apart.
10       Could you explain that to me?
11            MR. KONG:  I would respond, Your Honor, that Judge
12  Andrews and Judge Keeley are very well familiar with
13  Hatch-Waxman patent litigation cases.  They have done this in
14  the past.  They can coordinate to make sure that the level of
15  duplication is eliminated or at least reduced as much as
16  possible.
17            JUDGE KAPLAN:  They're both going to have to construe
18  the claims; right?
19            MR. KONG:  That is correct, Your Honor.
20            JUDGE KAPLAN:  And assuming they are true to their
21  oaths, they will take their respective independent views of how
22  they ought to be construed; right?
23            MR. KONG:  That's correct.
24            JUDGE KAPLAN:  And they're going to have to learn the
25  subject matter, right, both of them?

1    MR. KONG:  They are going to have to do that anyway
2    when trial comes back to West Virginia, Your Honor, yes.
3    JUDGE KAPLAN:  If there's ever a trial.
4    JUDGE VANCE:  You've got 20 defendants in Delaware who
5    are all, as we say in the south, fat and happy, and you are the
6    only one who is not happy to be there.  What do they have wrong
7    about this?  Why -- you have 20 defendants who are happy to
8    litigate this matter in Delaware.
9    MR. KONG:  Your Honor, we contested venue in Delaware
10   on the basis of a change in law that occurred recently.
11   Plaintiffs conceded that venue is improper in Delaware by
12   dismissing the case.  We don't want to be in Delaware, among
13   other reasons, because we believe venue is improper there.
14   JUDGE PROCTOR:  Well, every time we put a case
15   together of any significance, venue is improper for someone in
16   the transferee district.  That's why we have an MDL statute.  If
17   there was more relaxed venue rules, we wouldn't need 1407.  We
18   could put all these cases together under a 1404-type situation.
19      That's not the answer to the question.  The question is
20   simply this:  Mr. Horniak says this is a model example of a
21   small case MDL.  Why is he wrong?
22   MR. KONG:  Again, we are trying to afford patients
23   relief of the high cost of a prescription medicine.
24   JUDGE PROCTOR:  That's not an answer to the question.
25   MR. KONG:  And it should not be delayed.

1                JUDGE KAPLAN:  I don't mean to be rude, but that
2    talking point has been heard quite a few times, and it's not got
3    any traction with me.
4                JUDGE VANCE:  It seems like it's a lot faster to do
5    something once than to do it twice.  So to say that your way of
6    doing things is going to speed up the process, it just taxes
7    credulity to me.
8            But anyway, we have your arguments, sir.  Thank you so
9    much.
10               MR. KONG:  Thank you.
11          (Argument concluded at 9:49 a.m.)

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER
 2
 3           I, Sara A. Wick, certify that the foregoing is a
 4    correct transcript from the record of proceedings in the
 5    above-entitled matter.
 6
 7
 8
 9    /s/ Sara A. Wick                    April 10, 2019
10    SIGNATURE OF COURT REPORTER         DATE
```